UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD WAYNE BEALL, ) | |
| ) | |
| Petitioner, ) | 3:10-cv-00569-RCJ-RAM |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| RENO POLICE DEPARTMENT, ) | |
| ) | |
| Respondent. ) | |

This is a habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. On October 19, 2010, the court ordered petitioner, among other things, to submit his petition on the form required by the local rules of this court. (ECF No. 4.) After petitioner filed a document not authorized by the Federal Rules of Civil Procedure, the court ordered the document stricken from the record and reminded petitioner that his petition must be submitted on the court-approved form. (ECF No. 7.) Petitioner appealed to the Ninth Circuit Court of Appeals (ECF No. 8), which dismissed the appeal for lack of jurisdiction (ECF No. 20).

Petitioner has failed to file a petition, as ordered by this court, on the court-approved form for habeas corpus actions proceeding under 28 U.S.C. § 2254. In addition to failing to comply with the court's orders, the document filed by petitioner, construed as a petition, challenges a 1992 first-degree

murder conviction that has been previously litigated in a habeas corpus action in federal court. Thus, the present petition is clearly a successive petition. The court notes that petitioner has filed numerous other petitions such as in, among other cases, 3:06-cv-00597-LRH-RAM, 3:10-cv-00706-LRH-VPC, 2:10-cv-00189-PMP-RJJ, and 3:11-cv-00101-RCJ-RAM. The court dismissed the petitions in those cases as either untimely or successive. Petitioner has not attached a copy of an order form the Ninth Circuit Court of Appeals authorizing the filing of a second or successive petition. Under 28 U.S.C. § 2244(b)(1), a claim in a "second or successive habeas corpus [petition] under section 2254" must be dismissed if it was presented in a prior petition. If the claim was not presented in the prior petition, it may be considered only in the circumstances provided by § 2244(b)(2). Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the petition. Dismissal of a prior federal petition as untimely renders subsequent federal petitions challenging the same conviction second or successive petitions. *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009). Accordingly, the instant petition will be dismissed without prejudice as a successive petition.

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a

certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition (ECF No. 23) is **DISMISSED** without prejudice as a successive petition.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the clerk additionally shall serve a copy of this order and the judgment upon respondents by adding Attorney General Catherine Cortez Masto as counsel for respondents and directing a notice of electronic filing to her office. **No response is required from respondents, other than to respond to any orders of a reviewing court.**

DATED this 7th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE